## SLABOSZEWSKI v. UNITED STATES.
### No. 5207.

Circuit Court of Appeals, Third Circuit.
Dec. 28, 1933.

J. R. Sheppard, of Pittsburgh, Pa., for appellant.

James I. Marsh, Horatio S. Dumbauld, U. S. Atty., and James H. Dilley, Asst. U. S. Atty., all of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the defendant was tried, convicted, and sentenced on an indictment charging him, in one count, with the unlawful possession of liquor, and in the other with maintaining a nuisance. His appeal assigns for error the trial judge's refusal to suppress evidence. After argument and due consideration, we are of opinion the latter committed no error.

The proofs show that the defendant owned a two and a half story brick building at 124 South Twelfth street, Pittsburgh. On the first floor was a barroom. On a day named a prohibition officer went to the premises, sounded a buzzer, and, on the door being opened by defendant, went in and asked for whisky. The defendant said he was not selling whisky; that his place had been closed by the police. Another man was drinking at the bar what the officer suspected, from its odor, was whisky. When the man finished, the defendant "grabbed the glass off the bar, and put it under the bar, there was a ring right on the bar, and I just put my finger through it, like that (demonstrating) * * * and as I went through those motions I could smell whisky off my finger." He also stated that other than above, his finger had not been in contact with whisky that day. Later in the

day another prohibition agent visited the barroom. It was locked, but defendant let him in. Two men were drinking at the bar. A small amount was left in their glasses. He said there was quite an odor of whisky and that the two men, in the presence of defendant, said that they had bought whisky. On the strength of these officers' testimony, a search warrant was later issued, describing the premises by street number. On searching the barroom both gin and whisky were found. No search of the upstairs was made. On hearing, one District Judge refused to suppress the evidence as to what was found in the barroom. Later the indictment was tried before another judge, and the record fails to show any objection made or exception taken to the reception of the testimony of the witnesses as to what took place in the barroom. After trial and sentence, the defendant assigns for error the action of the first judge in refusing to suppress.

Assuming that although no such issue was raised before the trial judge, the action of the first judge can be raised on this appeal, we are of opinion no error was committed by the first judge in refusing to suppress. The testimony of the two witnesses who at different times on the same day showed sales by the defendant and the description and location of the barroom were sufficient to warrant the issue of a search warrant.

The judgment below is affirmed.